I hereby certify that this instrument is a true and correct copy of
the original on file in my office. Attest: Sandy Opacich, Clerk
U.S. District Court
Northern District of Ohio
By: /s/Robert Pitts
Deputy Clerk

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: NATIONAL PRESCRIPTION OPIATE
LITIGATION                          MDL No. 2804

**TRANSFER ORDER**

      **Before the Panel**:[*] Plaintiffs in 22 actions and certain physician defendants[1] in three District of Maine actions move under Panel Rule 7.1 to vacate the orders conditionally transferring the actions listed on Schedule A to MDL No. 2804. Non-governmental agency *amici*[2] support the motion brought by plaintiffs in the Southern District of West Virginia *Doyle* action. The Maine physician defendants request that we separate and remand the claims against them. *Amici* The American Hospital Association supports defendants' motion. Various responding manufacturer and distributor defendants[3] oppose the motions.

      After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and/or distribution of various prescription opiate medications into cities, states and towns across the

---

[*] Judges Ellen Segal Huvelle and Nathaniel Gorton did not participate in the decision of this matter.

[1] Mark E. Cieniawski, M.D. and Michael B. Bruehl, M.D.

[2] West Virginia Citizen's Action Group, Rise Up West Virginia, Catholic Committee of Appalachia, Appalachian Catholic Worker and Network Lobby for Catholic Social Justice.

[3] Amerisourcebergen Corp., Amerisourcebergen Drug Corp.; Cardinal Health, Inc., McKesson Corp. (distributor defendants); Allergan PLC, Actavis LLC, Actavis Pharma, Inc.; Allergan Finance, LLC; Cephalon, Inc.; Endo Health Solutions Inc., Endo Pharmaceuticals, Inc.; Insys Therapeutics, Inc.; Janssen Pharmaceutica Inc. n/k/a/ Janssen Pharmaceuticals Inc., Johnson & Johnson and Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a/ Janssen Pharmaceuticals, Inc; Mallinkrodt plc, Mallinckrodt LLC; Normaco, Inc.;Purdue Pharma L.P., Purdue Pharma, Inc., Purdue Products, L.P. and The Purdue Frederick Company, Inc.; Rhodes Pharmaceuticals L.P. Teva Pharmaceuticals USA, Inc.; Watson Laboratories, Inc., and Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. (manufacturing defendants); and Walgreen Co., Walgreens Mail Service, LLC, Walgreens Specialty Pharmacy, LLC, and Walgreens.com, Inc.

country. *See In re: National Prescription Opiate Litig.*, 290 F. Supp.3d 1375 (J.P.M.L. 2017). Plaintiffs in the initial motion for centralization were cities, counties and a state that alleged: "(1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed (directly and through key opinion leaders) these drugs to physicians, and/or (2) distributors failed to monitor, detect, investigate, refuse and report suspicious orders of prescription opiates." *Id.* at 1378. We held that "[a]ll actions involve common factual questions about, *inter alia*, the manufacturing
and distributor defendants' knowledge of and conduct regarding the alleged diversion of these prescription opiates, as well as the manufacturers' alleged improper marketing of such drugs." *Id.*

Despite some variances among the actions before us, all contain a factual core common to the MDL actions: the manufacturing and distributor defendants' alleged knowledge of and conduct regarding the diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of such drugs. The actions therefore fall within the MDL's ambit.

The parties opposing transfer in nineteen actions argue principally that federal jurisdiction is lacking over their cases. But opposition to transfer challenging the propriety of federal jurisdiction is insufficient to warrant vacating conditional transfer orders covering otherwise factually-related cases.[4] Several parties argue that including their actions in this large MDL will cause them inconvenience. Given the undisputed factual overlap with the MDL proceedings, transfer is justified in order to facilitate the efficient conduct of the litigation as a whole. *See In re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Local health care provider defendants in the District Maine actions request that we exclude the claims against them from the MDL. This request invites us to make substantive judgments about the merits of these claims, which we decline to do, since dealing with the merits of claims is beyond our statutory mission.[5]

Plaintiffs in three actions argue that the identity of the plaintiffs, infants born opioid-dependent, and their unique damages – which include the alleged need for a medical monitoring trust that funds prolonged, multidisciplinary care – differentiate these cases from those brought by the cities, counties and states that comprise the bulk of MDL No. 2804. While we agree that plaintiffs will have different damages and potential remedies, the differences among these claims are

---

[4] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

[5] *See In re: Maxim Integrated Prods., Inc., Patent Litig.*, 867 F. Supp. 2d 1333, 1335 (J.P.M.L. 2012) ("[T]he framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations.") (citation and quotes omitted).

outweighed by the substantial factual allegations shared with the MDL actions.[6] Counsel for these plaintiffs are dissatisfied, *inter alia*, that the transferee court denied their request for leave to seek to establish an neonatal abstinence syndrome (NAS) track in MDL No. 2804 in June 2018. Their renewed motion, filed in late-August 2018, remains under submission. We historically have declined to become entangled in parties' disagreements with the transferee court,[7] and we decline plaintiffs' invitation to do so here. We further deny the NAS plaintiffs' motions to vacate for the reasons stated in our order denying centralization in MDL No. 2872 – *In re: Infants Born Opioid-Dependent Products Liability Litigation.*

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Lewis A. Kaplan            R. David Proctor
Catherine D. Perry         Karen K. Caldwell

---

[6] "Section 1407 does not require a complete identity or even majority of common factual and legal issues." *In re: Satyam Computer Servs., Ltd., Sec. Litig.*, 712 F. Supp. 2d 1381, 1382 (J.P.M.L. 2010); *see also In re: ClassicStar Mare Lease Litig.*, 528 F. Supp. 2d 1345, 1346 (J.P.M.L. 2007) ("Regardless of any differences among the actions, all actions arise from the same factual milieu...").

[7] *See, e.g., In re: Glenn W. Turner Enterp. Litig.*, 368 F. Supp. 805, 806 (J.P.M.L. 1973) (noting that "the Panel is not vested with authority to review decisions of district courts, whether they are transferor or transferee courts.") (citations omitted).

IN RE: NATIONAL PRESCRIPTION OPIATE
LITIGATION MDL No. 2804

## SCHEDULE A

 Northern District of California

COUNTY OF SAN MATEO v. MCKESSON CORPORATION, ET AL.,
 C.A. No. 3:18−04535

 Northern District of Georgia

THE CITY OF ATLANTA v. PURDUE PHARMA, LP, ET AL., C.A. No. 1:18−03508
HENRY COUNTY, GEORGIA v. PURDUE PHARMA, LP, ET AL.,
 C.A. No. 1:18−03899

 Northern District of Illinois

VILLAGE OF MELROSE PARK, ET AL. v. MCKESSON CORPORATION, ET AL.,
 C.A. No. 1:18−05288
CITY OF HARVEY, ET AL. v. PURDUE PHARMA L.P., ET AL.,
 C.A. No. 1:18−05756

 Eastern District of Kentucky

COMMONWEALTH OF KENTUCKY, ET AL. v. WALGREENS BOOTS ALLIANCE,
 INC., ET AL., C.A. No. 2:18−00126

 District of Maine

CITY OF BANGOR v. PURDUE PHARMA LP, ET AL., C.A. No. 1:18−00298
CITY OF PORTLAND v. PURDUE PHARMA LP, ET AL., C.A. No. 2:18−00282
CITY OF LEWISTON v. PURDUE PHARMA LP, ET AL., C.A. No. 2:18−00310

 District of New Jersey

CAMDEN COUNTY, NEW JERSEY v. PURDUE PHARMA L.P., ET AL.,
 C.A. No. 1:18−11983

 District of New Mexico

ROOSEVELT COUNTY v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:18−00795

    Southern District of Ohio

DOYLE v. ACTAVIS LLC, ET AL., C.A. No. 2:18−00719
MONTGOMERY COUNTY BOARD OF COUNTY COMMISSIONERS, ET AL. v.
    CARDINAL HEALTH, INC., ET AL., C.A. No. 3:18−00295

    Eastern District of Oklahoma

CHEROKEE NATION v. PURDUE PHARMA, LP, ET AL., C.A. No. 6:18−00236

    Northern District of Oklahoma

BOARD OF COUNTY COMMISSIONERS OF PAWNEE COUNTY, STATE OF
    OKLAHOMA, THE v. PURDE PHARMA L.P., ET AL., C.A. No. 4:18−00459
BOARD OF COUNTY COMMISSIONERS OF DELAWARE COUNTY, STATE OF
    OKLAHOMA, THE v. PURDE PHARMA L.P., ET AL., C.A. No. 4:18−00460
BOARD OF COUNTY COMMISSIONERS OF OSAGE COUNTY, STATE OF
    OKLAHOMA, THE v. PURDE PHARMA L.P., ET AL., C.A. No. 4:18−00461
BOARD OF COUNTY COMMISSIONERS OF OTTAWA COUNTY, STATE OF
    OKLAHOMA, THE v. PURDE PHARMA L.P., ET AL., C.A. No. 4:18−00466

    Western District of Oklahoma

THE BOARD OF COUNTY COMMISSIONERS OF GARVIN COUNTY, STATE OF
    OKLAHOMA v. PURDUE PHARMA LP, ET AL., C.A. No. 5:18−00820
BOARD OF COUNTY COMMISSIONERS OF MCCLAIN COUNTY, STATE OF
    OKLAHOMA v. PURDE PHARMA LP, ET AL., C.A. No. 5:18−00857

    Eastern District of Pennsylvania

DOE v. PURDUE PHARMA L.P., ET AL., C.A. No. 2:18−03637

    Southern District of West Virginia

MOORE, ET AL. v. PURDUE PHARMA L.P., ET AL., C.A. No. 2:18−01231